IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| J. RALPH CHOATE and<br>JANICE G. CHOATE, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:03-CV-2111-M |
| STATE FARM LLOYDS, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

On January 27, 2005, United States Magistrate Judge Wm. F. Sanderson, Jr. issued an Order: (1) granting Defendant's Motion for Leave to Designate Additional Expert; (2) denying Plaintiffs' Cross-Motion for Leave to Designate Additional Expert; and (3) denying, in part, Plaintiffs' Motion to Compel. On March 18, 2005, the Court recommitted to the Magistrate Judge Plaintiffs' Motion to Compel, with respect to Requests 7 and 8 of Plaintiffs' Second Request for Production. The Magistrate Judge revised his disposition of those requests, by Order dated March 22, 2005.

Before the Court are Plaintiffs' Objections to the Magistrate Judge's January 27 Order, and Defendant's Objections to the Magistrate Judge's March 22 Order. These Orders are not dispositive of the parties' claims, and therefore, the question before the Court is whether the Orders are "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A) (2005); *see also Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). The Court reviews the Magistrate Judge's legal conclusions *de novo*, and reviews his factual findings for clear error. *See Lahr v. Fulbright & Jaworski*, 164 F.R.D. 204, 209 (N.D. Tex. 1996). A factual finding is clearly erroneous when, although there is evidence to support the finding, the Court "is left with the definite and firm

1

conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). For the following reasons, the parties' Objections are OVERRULED.

I.  *Plaintiffs' Objections*

Plaintiffs argue the Magistrate Judge erred by granting Defendant's Motion for Leave to Designate Additional Expert. Defendant filed its Motion for Leave in December of 2004, four months after the expiration of the Court's deadline for filing expert designations. Plaintiffs assert that Defendant's delay in attempting to designate a financial expert was unreasonable. Alternatively, they argue it was improper for the Court to deny their Cross-Motion for Leave to Designate Additional Expert, because "the Court should treat both Plaintiffs and Defendant equally."

The Court finds the Magistrate Judge did not err in granting Defendant's Motion for Leave and denying Plaintiffs' Motion for Leave. Defendant was first authorized to obtain copies of Plaintiffs' financial records in late October of 2004. Defendant claims it was unable to predict that a financial expert would be necessary until after it reviewed these records. In light of this assertion, the Court cannot conclude it was unreasonable for Defendant to file its Motion for Leave on December 8, 2004. *See generally, Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (the Court has broad discretion to control and expedite pretrial discovery through its enforcement of the scheduling order). Plaintiffs, on the other hand, have not identified any new-found evidence, claims or other circumstances that would warrant designation of a new expert witness after the Court's deadline for doing so passed.

Plaintiffs next argue the Magistrate Judge erred by denying their Motion to Compel, with respect to seven of their Requests for Production.[1] They claim they notified the Court in their Reply

---

[1] The Requests for Production at issue include: Plaintiffs' First Request for Production Nos. 1, 13, 14, 15, 16; and Plaintiffs' Second Request for Production Nos. 4 and 5.

that these requests had been resolved by an agreement of the parties, and that therefore, the Magistrate Judge should not have addressed them in his January 27 Order. The Court finds the Magistrate Judge did not commit clear error when he denied these Requests. The language in Plaintiffs' Reply, by which they purportedly notified the Court that the Requests had been resolved, was unclear.[2] Plaintiffs cannot reasonably have expected the Magistrate Judge to divine from their Reply their intention to remove the seven Requests for Production from consideration.

In ruling on those Requests, the Magistrate Judge concluded that documents relating to Defendant's contracts with Lowes and Home Depot were irrelevant to Plaintiffs' claims. Plaintiffs object to that conclusion, alleging Defendant's contracts are relevant to their claims of negligence and breach of the duty of good faith and fair dealing. The Objection is based on their assertion that Defendant obtained cost savings by requiring its contractors to purchase materials exclusively from Lowes and Home Depot. However, Plaintiffs do not allege that they were injured by their contractor's use of faulty materials, and they have not advanced any other theory by which the Court can conclude that the requested information is clearly relevant to Defendant's allegedly unlawful handling of their insurance claim. Accordingly, Plaintiffs have failed to satisfy their burden of proving the Order of the Magistrate Judge constituted clear error.

Plaintiffs also object to the Magistrate Judge's January 27 Order insofar as it denied their Motion to Compel responses to Requests 7 and 8 of Plaintiffs' Second Request for Production.[3]

---

[2] In their Reply, Plaintiffs stated that "since Plaintiffs filed this Motion, State Farm has agreed to produce some additional, albeit limited, information." The text was followed by a footnote, which listed a series of discovery requests that "are the subject of this Motion". The seven Requests for Production now at issue were not listed in the footnote. Plaintiffs' papers make no other reference to the parties' resolution of those seven Requests for Production.

[3] Requests 7 and 8 ask Defendant to produce the claims files of any policyholders who complained about the quality of work performed by Ram Restorations, the contractor which was allegedly assigned by Defendant to repair the water leak in Plaintiffs' home.

3

After receiving Plaintiffs' Objections, the Court recommitted these issues to the Magistrate Judge. On March 22, 2005, the Magistrate Judge revised his disposition of Requests 7 and 8, granting the requests in part. Plaintiffs have not filed Objections to the Magistrate Judge's March 22 Order. Therefore, Plaintiffs have waived their Objections to the Magistrate Judge's ultimate disposition of Requests 7 and 8 of their Second Request for Production. *See generally, Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir.1996).

II.     *Defendant's Objections*

Defendant has filed Objections to the March 22 Order. In that Order, the Magistrate Judge directed Defendant to produce information responsive to Requests 7 and 8, subject to the following limitations: (1) Defendant is required to produce documents relating to complaints made by policyholders concerning the quality of repairs performed by Ram Restorations ("Ram"), which were received **before or during** Ram's work at Plaintiffs' residence; and (2) Defendant is required to produce written documentation of the complaints, including the names and addresses of the policyholders who made the complaints, but not complete copies of the policyholders' respective claims files.

Defendant argues the Magistrate Judge erred by ordering it to produce evidence of complaints it received after Ram began work on Plaintiffs' residence, but before the work concluded. It argues such complaints are irrelevant to Plaintiffs' claims. The Magistrate Judge's Order finding such evidence to be relevant is not clearly erroneous. It is axiomatic that relevant information encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Here, evidence of complaints Defendant received while Ram was conducting repairs at Plaintiffs' residence may be probative of Plaintiffs' negligent supervision claim. Plaintiffs allege

Ram performed poor quality work on their residence from the time it began, until Ralph Choate insisted it cease working on Plaintiffs' residence. Plaintiffs argue Ram's work caused additional damage to their property. If Defendant received complaints about Ram after Ram began working on Plaintiffs' residence, and it did not subject Ram's work to investigation or heightened scrutiny or supervision, Plaintiffs will argue that Defendant negligently supervised Ram.[4]

Defendant next claims the Magistrate Judge should not have ordered it to produce the names and addresses of the persons who filed complaints regarding the quality of Ram's work. It argues that disclosing the names and addresses of its policyholders to Plaintiffs violates the policyholders' privacy rights. Defendant also claims it is required by federal law to protect the policyholders' personal information. *See* 15 U.S.C. § 6801 *et seq*.

Under FED. R. CIV. P. 26(c), the Court may, in appropriate circumstances, limit or prohibit the discovery of materials, in order to protect a person's privacy interests. *See Cockrum v. Johnson*, 917 F. Supp. 479, 482 (E.D. Tex. 1996). When a party objects that its opponent's discovery requests invade a person's privacy interests, the Court's role is to balance the person's "legitimate claims of privacy against the need of the opponent for the discovery." *Id.*; *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal.1995). Discovery restrictions are generally appropriate only to protect information which is sufficiently private so that a reasonable individual would not want it publicly disclosed. *See Halloran v. Veterans Admin.*, 874 F.2d 315, 321 (5th Cir. 1989). The burden of persuasion rests, at all times, with the party opposing discovery. *See Merrill v. Waffle House, Inc.*, __ F.R.D. __, 2005 WL 928602, *2 (N.D. Tex. Feb. 5, 2005).

The information described in Plaintiffs' Requests 7 and 8 is facially relevant to Plaintiffs'

---

[4] The Court expresses no opinion as to the merits of such a claim.

claims. The disclosure of the names and addresses of policyholders who complained to Defendant about the quality of Ram's work is reasonably calculated to lead to discovery of additional information regarding Defendant's knowledge of the general quality of Ram's work. The Supreme Court has held that whether disclosure of a list of names is a "significant or a de minimis threat [to privacy interests] depends upon the characteristic(s) revealed by virtue of being on the particular list, and the consequences likely to ensue." *U.S. Dept. of State v. Ray*, 502 U.S. 164, 177 n.12 (1991), *citing National Assn. of Retired Federal Employees v. Horner*, 879 F.2d 873, 877 (D.C. Cir. 1989). Defendant has not identified any such consequences of its disclosure of this information, other than Plaintiffs' potential "harassment" of the policyholders. The Court finds minimal the risk that Plaintiffs will harass Defendant's policyholders. Therefore, Defendant has not proven the Magistrate Judge clearly erred in concluding Plaintiffs' need for the information contained in Requests 7 and 8 outweighs the policyholders' potential privacy interests.

Defendant has also failed to persuade the Court that the Magistrate Judge erred by rejecting its argument that the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, restricts it from disclosing the names and addresses of the complaining policyholders. The Court will assume, without deciding, that the information at issue in Plaintiffs' Requests 7 and 8 satisfies that statute's definition of "nonpublic personal information", and is therefore subject to the statute's protections. However, the statute includes an express provision permitting an entity to disclose "nonpublic personal information" pursuant to judicial process. 15 U.S.C. § 6802(e)(8); *see also Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 496 (S.D. W.Va. 2003) (authorizing discovery under the statute's "judicial process" exception).

The Court has weighed the competing interests of the interested parties, as described above, and concludes that disclosure of the information is proper under the "judicial process" exception in

15 U.S.C. § 6802(e)(8). Any documents identifying the policyholders' names and addresses are to be protected as confidential under the Agreed Protective Order entered on March 25, 2004. The Court denies Defendant's requests to delay Plaintiffs' contacts with the policyholders, but the Court requires Plaintiffs to make their first contact with any such policyholder by a mailed document, and not to pursue any further contact for seven days after such correspondence would be likely to have been received by the policyholder.

Conclusion

For these reasons, the parties' Objections are OVERRULED.

**SO ORDERED.**

**DATED:** May 5, 2005.

_____
Barbara M. G. Lynn
UNITED STATES DISTRICT JUDGE